WHITNEY COMMUNICATIONS CORPORATION v. MILLS-BURNETT ASSOCIATES, Inc.

No. 2064.

Circuit Court, Dade County, Civil Appeal.

June 2, 1965.

Burton M. Michaels, Miami, for appellant.

Cutler & Efronson, Miami, for appellee.

HENRY L. BALABAN, Circuit Judge.

The question seems to be whether the appellant accepted the contract of May 1, 1963, which one of its salesman had tendered on one of its own forms and which appellee signed and returned for appellant's acceptance. The contract, in terms, provides for its acceptance "at your office in New York, N. Y."

The appellant published the agreed advertising display offer as prescribed by appellee in the May, June and July, 1963, issues of its publication *Interior Design*. The appellee paid $154.28 to cover the May billing, moreover, appellee's letter of July 17, 1963, states ". . . we are obliged to cancel our contract . . ." Its prior letter of April 29, 1963, stated "we are enclosing the signed contract for your files as requested".

It is the finding of the court that the contract was "accepted" and became executory on May 15, when appellee's ad first was published, or at least on May 16, 1963, by letter of appellant *from its New York office* (to appellee) wherein a copy of the May 15th issue of *Interior Design* was enclosed and appellee was clearly recognized and appeared as an advertiser and advised it had accordingly been placed on appellant's mailing list. Thereafter, the May billing was honored and paid by the appellee.

Appellee's letter of dissatisfaction and cancellation bears date of July 17, 1963. The appellant advised the appellee by its May 16, 1963, letter, that its publication date was the 15th of each month "which is the day the magazine is mailed". Two days after the July 15th publication, the July 17th cancellation letter was written by appellee.

It is the conviction of the court that there was a valid contract, including a meeting of the minds, adequate acceptance, and performance, to the extent of appellant's billing for unpaid June and July, 1963, advertising insertions and services for which appellant is entitled to recover.

To hold otherwise would invalidate a just claim by a rank technicality and one which in itself inclines in appellant's favor.

The general rules governing the field of "acceptance" in contract law are succinctly set forth at 7 Fla. Jur. Contracts, §§23, 24, pp. 82, 83, 84, wherein it is stated —

§23. *Acceptance.* — An acceptance is said to be the means by which the minds of two parties are brought to an agreement. It is clear that an offer must be accepted before it can become a binding promise. The acceptance must be so expressed as to show that there is an actual assent to the same matters as contained in the offer. An offer of a bargain by one person to another imposes no obligation upon the former unless it is accepted by the latter according to the terms in which the offer was made. A contract of sale may be made by the acceptance of an offer to sell, as well as by the acceptance of an offer to purchase. When an offer or option to sell is accepted it becomes a contract for sale binding on both parties thereto. (Citations omitted.)

§24. *Time, Place and Manner.* — It is essential that the acceptance be made in the manner, at the place, and within the time expressly or impliedly designated in the offer. The proposer has the right to dictate terms in respect to the time, place, and manner of acceptance, and when he does so, like other terms, they must be complied with. However, if no time for acceptance is stated the offeree would generally have a reasonable time in which to accept. And unless the offer requires the acceptance to be in a particular manner, it may be by parol or may be implied from acts, even though, according to the general rule, the contract itself is required to be in writing. But in whatever mode the acceptance is made it must actually be expressed in some overt manner. A mere mental intention to accept an offer will not create a contract. Where a proposed contract has been signed only by the offeror, its possession by the offeree will not alone imply an acceptance. (Citations omitted.)

In 12 Am. Jur., Contracts, §37, pp. 530, 531, the general rule is stated thusly —

§37. *Acceptance.* — To constitute a contract there must be an acceptance of the offer; until the offer is accepted both parties have not assented, or, in the figurative language frequently used by the courts, their minds have not met. Similarly, an option to be binding upon both parties must be accepted during its life in the terms of the option. The effect of acceptance is to convert the offer into a binding contract. . . (Citations omitted.)

And at pages 532 and 533 of 12 Am. Jur., Contracts §39, the text continues —

... Anything that amounts to a manifestation of a formed determination to accept, communicated or put in the proper way to be communicated to the party making the offer, would doubtless complete the contract. Obviously, the acceptance in writing of the terms of a written proposition to contract completes the contract. Where the offerer requests a promise, but does not prescribe any specific form of acceptance, acceptance may be inferred from acts of the offeree as well as from his words. A verbal acceptance of an option is sufficient when the option does not require a written acceptance . . . (Citations omitted.)

At page 537 of 12 Am. Jur., Contracts, §43, the rule is further elaborated —

... In reference to the sufficiency of an acceptance, there is a distinction between an offer to make a contract executory on both sides and an offer or promise for an act. In the latter case the only acceptance of the offer that is necessary is the performance of the act. In other words the promise becomes binding when the act is performed . . . (Citations omitted.)

The judgment of the lower court is reversed with instructions to enter judgment for appellant consistent with the findings and opinions herein set forth.

Reversed and remanded.